**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | | |
|---|---|---|---|
| 1. | **LISA STEWART,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | **CIV-14-123-JHP** |
| **v.** | | ) | |
| | | ) | |
| 1. | **BOARD OF COUNTY** | ) | |
| | **COMMISSIONERS on behalf** | ) | |
| | **of CARTER COUNTY** | ) | |
| | **DISTRICT 2, and** | ) | |
| 2. | **KEVIN ROBINSON, in his individual** | ) | |
| | **and official capacity as District 2** | ) | |
| | **County Commissioner,** | ) | |
| | | ) | **ATTORNEY LIEN CLAIMED** |
| | **Defendants.** | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

**COMES NOW** the Plaintiff, Lisa Stewart, and for her Complaint against the

Defendants herein alleges and states as follows:

**PARTIES**

1.     Plaintiff Lisa Stewart ("Stewart") is an adult female residing in Carter County,

Oklahoma.

2.     The Defendants are:

a.     The Board of County Commissioners on behalf of Carter County

District 2, a governmental entity doing business in Carter County, Oklahoma; and

b.     Defendant Kevin Robinson in his official and individual capacity as

District 2 County Commissioner.

1

## JURISDICTION AND VENUE

3.    Plaintiff asserts causes of action based on (1) gender discrimination, sexual harassment, sexually hostile work environment, and retaliation which is prohibited by Title VII of the Civil Rights Act of 1964, as amended; (2) violation of Plaintiff's Fourteenth Amendment Right to Equal Protection of the Laws made actionable by 42 U.S.C. § 1983; (3) negligent training, supervision and retention; and (4) unlawful interference with a contractual relationship.

4.    Jurisdiction over the federal claims is vested in this Court under 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5.    All of the claims arose in and around Carter County, and the Defendants are located and/or doing business in such county and may be served in that county.  Carter County is located within the Eastern District of the United States District Court of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.    To the extent required, Plaintiff has exhausted her administrative remedies. Plaintiff filed a timely Charge of Discrimination with the EEOC on or about August 12, 2013.  The EEOC issued a Notice of Right to Sue dated on or about February 19, 2014 which Plaintiff received thereafter by mail.  And, Plaintiff has timely filed her Complaint within ninety (90) days from her receipt of the same.  In addition, Plaintiff timely served a

governmental tort claim notice pursuant to Okla. Stat. tit. 51 § 156, addressing the claims asserted herein.  Plaintiff submitted her tort claim notice on or about August 15, 2013. Plaintiff received no response, therefore, her tort claim was deemed denied on or about November 13, 2013.  And, Plaintiff has timely amended her Complaint within one hundred eighty (180) days from the date said tort claim was deemed denied.

## STATEMENT OF FACT

7.      Lisa Stewart began her employment with Defendant Carter County in or around August 2000 as an equipment operator.  In or around 2009, Stewart was promoted to Road Foreman.

8.      For the first six (6) years of her employment with Carter County, Stewart's male supervisors harassed her and pressured her to quit her job, including placing bets on when she would quit.

9.      Stewart was also exposed to a sexually hostile work environment from the District 2 County Commissioner, Kevin Robinson, who also served as Plaintiff's supervisor. He often told Stewart that he was in love with her and that his counselor said he was having a "mental affair" with her.

10.     Robinson also made sexual comments to Stewart in front of other employees. For example, when the employees presented him with a new tool at their Christmas party, he asked Stewart to "pick this up for me because I'm not used to handling such small tools." Stewart consistently turned down such unwelcome sexual advances.

11.     Toward the end of her employment, Stewart became involved in a relationship with another employee, Eric Miller.  Miller had previously been convicted of various crimes, but told Stewart he had changed his ways and had been wrongfully accused.

12.     Moreover, Miller was hired by Robinson in spite of Robinson's knowledge of Miller's prior criminal history.

13.     Stewart ended her relationship with Miller on or about June 18, 2013.  The following day, on or about June 19, 2013, Miller physically assaulted Stewart, threatened to kill himself, and broke the key off in the ignition of her work truck.  Stewart immediately notified Robinson of the event.  And, the following day, Stewart filed a report with the Carter County Sheriff's Department.

14.     On or about June 24, 2013, after speaking with the Assistant District Attorney, Robinson and the County Clerk, Cynthia Harmon, terminated Stewart because it was allegedly "best for District 2."

15.     Previously, however, at least three (3) male supervisors employed with Carter County - the Jail Administrator, the Head of Narcotics, and the District 3 County Commissioner - had been involved in relationships with subordinate employees and none of these men were forced out of their jobs with Carter County.  In fact, all three males remain employed by the County.  In addition, Robinson admitted to Plaintiff that he had an affair with his former secretary.  And, other employees, including Robinson, were aware of Miller and Stewart's relationship during the time it was occurring.

4

16.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

### COUNT I – Title VII

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

17.    This count goes against Carter County.

18.    The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, in the nature of gender discrimination, the creation of a sexually hostile work environment, sexual harassment, and retaliation.

19.    As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

### COUNT II – Fourteenth Amendment Equal Protection

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

20     This count goes against both Defendants.

21.    Defendant Robinson was a public employee at all relevant times hereto whose actions were made possible through the use and misuse of his authority as a public employee. Defendant Robinson  was acting under the color of his authority in a manner which deprived Plaintiff of her constitutional right to equal protection.

5

22.    Plaintiff's Fourteenth Amendment constitutional rights were clearly established at the time of the actions in question.  The actions of the Defendants were in deliberate indifference to the constitutional rights of Plaintiff.  Therefore, Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

23.    The actions listed above have caused a physical, mental and emotional injury to Plaintiff in an amount to be determined by the jury.

24.    To the extent that the actions of Defendant Robinson are deemed willful or deliberately indifferent, then punitive damages are available, and should be assessed against him.

**COUNT III -  Negligent Supervision, Training and Retention**

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

25.    This Count goes against Carter County.

26.    The acts of Defendant, as described above, constitute the tort of negligent supervision, training and retention.

27.    Defendant County had a duty to properly supervise and train its employees to refrain from engaging in unlawful retaliation.

28.    Defendant County breached its duty.

29.    At the critical time of the tortious incidents described herein, Defendant County knew or should have known its employees, including, but not limited to Miller, would create

6

an undue risk of harm to others.

30.    As a direct and proximate cause of Defendant County's negligence, Plaintiff

was harmed.

31.    As damages, Plaintiff is entitled to all damages allowed by state law.

## COUNT IV - Interference with Contractual Relationships

For her eighth cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

32.    This Count goes against Defendant Robinson.

33.    The acts above-described constitute unlawful interference with a contractual

relationship. Defendant Robinson's actions were malicious and caused an actual harm to

Plaintiff's long-standing contractual relationship with Defendant County.    Defendant

Robinson had no justification, excuse, or privilege for such interference.

34.    As damages, Plaintiff has suffered lost earnings, past and future, and other

compensatory damages.

35.    Because the actions of the individually-named Defendant were willful, wanton

or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive

damages.

## PRAYER

**WHEREFORE** Plaintiff respectfully prays that this Court enter judgment in favor

of the Plaintiff and against the Defendants and award compensatory damages, punitive

damages, together with any appropriate equitable relief, pre- and post-judgment interest,

costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS <u>2nd</u> DAY OF APRIL, 2014.**

 s/Jana B. Leonard
**JANA B. LEONARD, OBA # 17844**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. WALKER**
**OKLAHOMA CITY, OK 73139**
**(405) 239-3800 [TELEPHONE]**
**(405) 239-3801  [FACSIMILE]**
**leonardjb@leonardlaw.net**
**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

8